IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LARYIE EARL JONES, AIS # 156610,** : | |
| Plaintiff, : | |
| vs. : | CIVIL ACTION 20-0079-TFM-N |
| **KATHY SIPPER,** *et al.,* : | |
| Defendant. : | |

**REPORT AND RECOMMENDATION**

Plaintiff Laryie Earl Jones, an inmate at the Baldwin County Correctional Center who is proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 together with a motion to proceed without prepayment of fees.[1] (Docs. 1-3). Upon review of the complaint and Jones's prior litigation history, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), because Jones is barred from proceeding *in forma pauperis* and did not pay the filing fee when he filed this action.

**I. Section 1915(g) and Jones's Litigation History.**

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical

---

[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

injury.

28 U.S.C. § 1915(g).

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed.  *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002).  "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'"  *Rivera v. Allin,* 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199, 215-16, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007).

Because Jones sought leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen his complaint.  (Doc. 1).  In screening the complaint under 28 U.S.C. § 1915(e)(2)(B), the undersigned reviewed the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama to determine if Jones has three or more actions and appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  From those dockets, the Court discovered that Taylor has had at least three actions and appeals dismissed for one of the foregoing reasons, namely,[2] *Jones v. City of Samson Police Dep't,*  CA No. 96-01830-ID-JLC (M.D. Ala. 1997); *Jones v. Millard H. McWhorter, III,*  CA No. 04-00809-MEF-DRB (M.D. Ala. 2004); *Jones v. Grady Lanier,*

---

[2] The Court is taking judicial notice of the U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov.  *See Grandinetti v. Clinton,* 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished).

CA No. 04-00810-MHT-DRB (M.D. Ala. 2004); *Jones v. Anthony Clark*, CA No. 05-00973-MEF-DRB (M.D. Ala. 2005); *Jones v. Anthony Clark*, No. 07-11971-F (11th Cir. Aug. 1, 2007) (appeal frivolous).  In addition, Jones has had other actions dismissed pursuant to 28 U.S.C. § 1915(g), for example, *Jones v. Greg White,* CA No. 06-00280-ID-DRB (M.D. Ala. 2006); *Jones v. Greg White*, CA No. 06-00289-WKW-DRB (M.D. Ala. 2006); *Jones v. Anthony Clark*, CA No. 06-00296-MEF-DRB (M.D. Ala. 2006); and *Jones v. Mack*, CA No.18-0518-JB-B (S.D. Ala. 2019).   Thus, the present action is due to be dismissed unless Jones can satisfy the exception to § 1915.

## II. Section 1915(g)'s Exception

Section 1915(g)'s exception requires that at the time of the complaint's filing, Jones show that he was "under imminent danger of serious physical injury."  See *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent danger of serious physical injury must be faced at the time the complaint is filed, not at a prior time); *Adbul-Akabar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."),
*cert. denied,* 533 U.S. 953 (2001).

To determine if § 1915(g)'s exception is met, the "complaint, as a whole, [must] allege[] imminent danger of serious physical injury."  *Brown v. Johnson,* 387 F.3d 1344, 1350 (11th Cir. 2004).  To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]"  *Ball v. Allen,* 2007 WL 484547, at *1 (S.D. Ala. 2007) (unpublished) (Granade, C.J.).  Jones has not done this.

In the complaint, Jones sues Defendant Leo Other with the Baldwin County Sherriff's Office for conspiring on June 6, 2019 with Ms. Johnson and Ms. Sipper to draft a bogus warrant, complaint, and charge for theft of property when he did not have probable cause. (Doc. at 4-5, PageID.4-5). Jones claims that Defendant District Attorney Kathy Sipper caused him to be held in order to get a conviction and that the conspiracy with Defendants Leo, Kathy, and Johnson caused him to be unlawfully imprisoned. (*Id.* at 5, PageID.5). And he claims that Defendant Mitzi Johnson, his attorney, was ineffective when she "lied on him" to the court, refused to file a motion to dismiss, violated ethics rules, and conspired in order to cause him to be falsely imprisoned even though he could have been released. (*Id.* at 4-6, PageID.4-6)

Section 1915(g) requires that Jones be in imminent danger of serious physical injury when he files his complaint. 28 U.S.C. § 1915(g). With Jones filing his complaint on February 10, 2020, challenging events that occurred on June 6, 2019, the Court finds that he was not in imminent danger of serious physical injury when he filed his complaint. Moreover, his allegations do not describe a serious physical injury, much less an injury that is imminent. Thus, the Court concludes that Jones has not carried his burden of showing that he was in imminent danger of serious physical injury at the time of filing.

### III. Conclusion.

Because Jones cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $400 filing/administrative fee at the time he filed this action, this action is due to be dismissed without prejudice. *Dupree,* 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson,*

259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002).  Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 20th day of March, 2020.

<u>s/ Katherine P. Nelson</u><br>
**UNITED STATES MAGISTRATE JUDGE**